UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:17-CR-00041.3 |
| | ) | REEVES/POPLIN |
| RUTH ANN OLIVER | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Ruth Ann Oliver's two *pro se* motions for a reduction in her sentence [D. 319, 321]. On June 12, 2017, Ms. Oliver pled guilty to Count One of the Indictment, charging her with conspiring to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The statutory mandatory minimum term of imprisonment for this offense is 120 months. Based on an offense level 33 and a criminal history category I, her advisory guideline range was calculated as a term of imprisonment between 135 to 168 months.

At the sentencing hearing on December 14, 2017, the Court accepted the Government's recommendation that Ms. Oliver qualified for a two-level reduction under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, which permits the Court to sentence certain defendants without regard to any statutory minimum. The Government also filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1, which the Court granted. Ms. Oliver was sentenced to a term of 92 months' imprisonment, followed by four years of supervised release [D. 275].

Approximately five months later, Ms. Oliver filed the instant motions seeking a reduction in her sentence in the form of either an immediate release or a commutation. Although Ms. Oliver does not specify the legal basis for her motions, she does not allege that her sentence was unconstitutional or contrary to law, or that the Court lacked jurisdiction to impose her sentence. *See* 28

U.S.C. § 2255(a). Accordingly, the Court construes Ms. Oliver's motions as being brought pursuant to 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c), "a trial court may amend a sentence of imprisonment only where one of the circumstances set forth in that statute is present." *United States v. Benjamin*, 188 F.3d 509 (Table), 1999 WL 685924, at *4 (6th Cir. Aug. 26, 1999). As the Sixth Circuit has explained, these factors include:

> 1) where the Bureau of Prisons has requested the modification based upon extraordinary and compelling circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison and presents no danger to the safety of the community; 2) where modification is permitted under Fed.R.Crim.P. 35; or 3) where the guideline sentencing range for the offense of conviction has been retroactively lowered.

*Id.* at *4 (internal citations omitted). None of those factors is applicable in this case. Accordingly, the Court lacks jurisdiction to consider Ms. Oliver's motion. Further, the Court notes that it does not have the authority to commute sentences. The power to commute a sentence for a federal offense is vested solely in the President. *See* U.S. CONST. art. II, § 2.

Because there is no legal basis for granting the requested relief, Ms. Oliver's motions for sentence reduction [D. 319, 321] are both **DENIED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**