UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:17-CR-41.3 |
| | ) | |
| RUTH ANN OLIVER | ) | |

## MEMORANDUM OPINION AND ORDER

On December 14, 2017, Ruth Ann Oliver was sentenced to a term of 92 months' imprisonment for conspiring to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [D. 275]. Ms. Oliver was designated to a Bureau of Prisons (BOP) camp in Alderson, West Virginia. In the months since, she filed several *pro se* motions seeking a reduction in her sentence, either in the form of immediate release or a commutation [D. 319, 321]. These motions were denied because the Court determined that there was no legal basis for granting the requested relief [D. 322].

Now before the Court is another *pro se* motion in which Ms. Oliver requests that the Court order home confinement or placement in a Residential Re-Entry Center ("RRC") for the remainder of her sentence [D. 327]. Ms. Oliver contends that this Court has jurisdiction to order home or community confinement at any time under the Second Chance Act of 2007. This is not the case.

The Second Chance Act provides, in relevant part:

> [t]he *Director of the Bureau of Prisons* shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (*not to exceed 12 months*), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions *may include* a community correctional facility.

1

18 U.S.C. § 3624(c)(1) (emphasis added). This section permits eligible inmates to spend all or some portion of the *final* twelve months of their sentence in a community correctional facility, also known as an RRC. Ms. Oliver has significantly more than twelve months remaining on her sentence, and, as such, she is not eligible for redesignation.

Further, the Court notes that eligibility under the Second Chance Act does not guarantee RCC placement, but only directs the BOP to consider it. *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *McLaughlin v. Stewart*, 2018 WL 582513, at *2 (D. Md. Jan. 29, 2018). Congress left this decision solely within the BOP's discretion. *See United States v. Clark*, 2011 WL 743090, at *1 (W.D. Pa. Feb. 24, 2011) ("[Section 3624(c)] vests the BOP, and not the courts, with authority over an inmate's pre-release custody, including home confinement."); *United States v. Michel*, 2008 WL 901402, at *7 n.3 (E.D. Mich. Apr. 2, 2008) ("[O]nly the Federal Bureau of Prisons has the authority to transfer a federal prisoner to a community confinement center."); *United States v. Shipley*, 286 F. Supp. 2d 499, 500 (W.D. Pa. 2003) ("[P]re-release custody placement ... is a matter committed to the authority of the Bureau of Prisons."). Accordingly, the Court lacks the authority to order the relief that Ms. Oliver requests.

Because there is no legal basis for granting the requested relief, Ms. Oliver's motion seeking home or community confinement [D. 327] is **DENIED**. Ms. Oliver is advised that filing additional motions raising essentially the same claims yet again will lead to the same result.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**