UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:17-CR-41-3 |
| | ) | REEVES/POPLIN |
| RUTH ANN OLIVER | ) | |

## MEMORANDUM AND ORDER

Before the Court are four of Ruth Ann Oliver's *pro se* motions seeking sentencing relief on various grounds. [D. 348, 352, 353, 355]. For the reasons that follow, three of Ms. Oliver's motions [D. 348, 352] are **DENIED**, one [D. 353] is **DENIED** with leave to refile once exhaustion requirements have been met, and one [D. 355] is **GRANTED in part**.

### I.   Background

On December 14, 2017, this Court sentenced Ms. Oliver to a term of imprisonment of 92 months for her role in a conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A). [D. 275]. Then came a wave of *pro se* motions to change that sentence in the following years. [D. 319, 321, 327, 348, 352, 353]. The last three motions are now before the Court.

On May 30, 2019, Ms. Oliver filed a "Motion Pursuant 18 U.S.C. 3582 Requesting Split Sentence, Under 5C1.1(c)3 in Light of 1st Step Act (2018)." [D. 348]. On July 19, 2019, the Government responded in opposition. [D. 350]. Construing Ms. Oliver's motion under Section 602 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the

Government argued that this provision did not authorize the Court to modify Ms. Oliver's already-final sentence. [*Id.*].

On March 18, 2020, Ms. Oliver filed a "Motion for 2-Point Reduction Amendment" under Amendment 782 of the United States Sentencing Guidelines. [D. 352]. The Government did not respond to this motion.

On March 23, 2020, Ms. Oliver filed a "Motion for Compassionate Release/Reduction in Sentence Under Section 603(B) of the First Step Act of 2018" [D. 353]. In this motion, Ms. Oliver asks the Court to provide compassionate release to home confinement, citing a "stomach hernia" for which the Bureau of Prisons will not authorize surgery, the declining health of her mother and fiancé, and the needs of her adult daughter. In her request, Ms. Oliver includes a response from the warden of her facility, denying her request for "a Compassionate Release or a Reduction in Sentence (RIS)" dated December 13, 2019. The Government did not respond to this motion.

On May 6, 2020, Ms. Oliver filed a motion asking the Court for a recommendation to the BOP that she be placed on home confinement pursuant to the Second Chance Act. [D. 355]. Included with her motion is a certificate of completion that confirms her rehabilitative efforts. The Government has not responded to this motion.

II.     Analysis

A district court may only amend a final judgment when it has been granted statutory authority to do so. *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). The Court will review each motion in turn and discuss whether there is a basis for the relief Ms. Oliver requests.

### A. May 30, 2019 Motion

Ms. Oliver's May 30, 2019 motion requests a "split sentence" citing her extensive coursework while incarcerated. Ms. Oliver cites 18 U.S.C. § 3582 and the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Government opposes the requested relief. Construing the motion under Section 602 of the First Step Act, the Government argues that that this provision did not authorize the Court to modify Ms. Oliver's already-final sentence.

Ms. Oliver's first motion could be construed under two sections of the First Step Act: Section 602 and Section 603(b). Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 602 of the First Step Act, which is the path the Government charts, amended 18 U.S.C. § 3624(c)(2) and reauthorized and expanded portions of the Second Chance Act, Pub. L. No. 110-199, 122 Stat. 657 (2008). Through Section 602, Congress directs the *Bureau of Prisons*, not the courts, to "place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted" by law.

Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1). Specifically, while district courts could always consider motions for sentence reduction upon a finding of "extraordinary and compelling reasons," defendants, not just the Bureau of Prisons, could bring motions for what is often called compassionate release. However, a defendant can move for compassionate release only "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden

3

of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Here, the Court cannot grant any relief under either section. As noted, the Court can only amend Ms. Oliver's sentence based on a statute that gives it such power. *See Thompson*, 714 F.3d at 948. Section 602 of the First Step Act, which amended 18 U.S.C. § 3624, is directed at the BOP, not the courts. *See* 18 U.S.C. § 3624(c)(1). Consequently, it does not provide the Court statutory power to grant relief. Section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582, allows a defendant to petition this Court for compassionate release with a showing of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A). But a defendant can only do so if she has exhausted the administrative process to petition the BOP to file a motion or 30 days lapse from the BOP's receipt of such a request. Ms. Oliver's motion contains no evidence of exhaustion or lapse. Consequently, because neither section of the First Step Act provides a basis for relief, Ms. Oliver's motion will be denied.

### B. March 18, 2020 Motion

Ms. Oliver's March 18, 2020 motion requests a two-point reduction in her base-offense level under Amendment 782 of the United States Sentencing Guidelines. [D. 352]. Amendment 782 reduced the statutory penalties for certain drug offenses by two levels, effective November 1, 2014. Because Ms. Oliver was sentenced on December 14, 2017, after Amendment 782 was incorporated into the Sentencing Guidelines, she already received the full benefit of Amendment 782 if it was applicable. This motion will be denied.

4

### C. March 23, 2020 Motion

Ms. Oliver's March 23, 2020 motion requests compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, and for appointment of counsel. [D. 353]. Specifically, Ms. Oliver asks for release or home confinement, citing a "stomach hernia" for which the Bureau of Prisons will not authorize surgery, the declining health of her mother and fiancé, and the needs of her adult daughter.

As stated earlier, a defendant can move for compassionate release only "*after* the defendant has *fully* exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). A BOP Program Statement outlines the administrative appeal process. *See* Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The BOP Program Statement explains that a prisoner seeking a compassionate release must first file a request with the warden asking the BOP to move for compassionate release on the prisoner's behalf. *See id.* at 3 (citing 28 C.F.R. § 571.61). If that request is denied, the prisoner must appeal the denial through the BOP's Administrative Remedy Procedure. *See id.* at 15 (citing 28 C.F.R. § 571.63).

Here, Ms. Oliver includes a response from the warden of her facility, denying her request for "a Compassionate Release or a Reduction in Sentence (RIS)" dated December 13, 2019. This satisfies the first step of the exhaustion process. But Ms. Oliver does not

5

state whether or not she appealed that decision through the BOP process, so the Court cannot conclude whether she "has *fully* exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on her behalf. 18 U.S.C. § 3582(c)(1)(A). Moreover, Ms. Oliver presents no evidence of the medical conditions she asserts.

As for the appointment of counsel, there is no general constitutional right to appointed counsel in post-conviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), including proceedings under 18 U.S.C. § 3582(c). *See United States v. Bruner*, No. 5:14-CR-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017) (collecting cases). To be sure, the Court has discretion to appoint counsel if the interests of justice so require. *See generally* 18 U.S.C. § 3006A (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). Given that Ms. Oliver has not supplied evidence of her stated medical issues or sufficient evidence of exhaustion of the administrative process, appointment of counsel is not appropriate at this time.

Having found that 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirements have not been met and that the appointment of counsel is not warranted, Ms. Oliver's motion will be denied with leave to refile when Ms. Oliver meets the statutory exhaustion requirements.

### D. May 6, 2020 Motion

Ms. Oliver's May 6, 2020 motion requests a court recommendation for home confinement. [D. 355]. Acknowledging that the Court does not have power to order home confinement, Ms. Oliver earnestly requests a recommendation that, under the Second Chance Act, Ms. Oliver be placed on home confinement by the BOP.

Again, the Second Chance Act, 18 U.S.C. § 3624(c)(1), puts matters of home confinement and halfway house placement under the discretion of the BOP. Nevertheless, one of several factors the BOP is to consider is "any statement by the court that imposed the sentence . . . ." *See, e.g.*, *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (quoting 18 U.S.C. § 3621(b)).

Here, Ms. Oliver, as she has previously, earnestly recounts her rehabilitative efforts, with which the Court is pleased. The Court hopes Ms. Oliver continues on that path. The Court, of course, recommends that the BOP afford Ms. Oliver every measure of beneficial assistance available to aid in her transition back into the community, including the maximum feasible amount of halfway house placement and home confinement. But the BOP is in the best position to determine the appropriate time and manner of community reentry, so the Court declines Ms. Oliver's request for a *specific* recommendation. Consequently, this motion is granted only in part.

### III. Conclusion

In light of the foregoing, two of Ms. Oliver's motions [D. 348, 352] are **DENIED**, one [D. 353] is **DENIED** with leave to refile once exhaustion requirements have been met, and one [D. 355] is **GRANTED in part**. The Court encourages Ms. Oliver to continue her rehabilitative efforts and asks that she restrict her filings to motions that provide a sufficient legal basis for relief.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**